1   **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8   Kimberly Warmack,                    )   No.  CV-20-02298-PHX-SPL
                                         )
9                       Plaintiff,       )
                                         )
10  vs.                                  )   **ORDER**
                                         )
11  Michael Riveria, et al.,             )
                                         )
12                                       )
                      Defendants.        )
13                                       )
                                         )
14  _____ )

15       Pro se Plaintiff Kimberly Warmack is a former employee of Defendant Alhambra

16  Elementary School. (Doc. 1 at 4). Plaintiff alleges Defendants discriminated against her

17  based on her disability as well as her race. (Doc. 1 at 4). First, Plaintiff alleges she was

18  wrongfully terminated because of her race since she was the "[o]nly African American

19  Teacher at Andalucia when fired my job was given to a hisspanic [sic] substitute." (Doc. 1

20  at 4). Plaintiff further alleges that she uses a wheelchair, but that Defendants did not make

21  the school handicap accessible, causing an injury to her hand. (Doc. 1 at 5).

22       Before the Court is Defendants' Motion to Dismiss in which Defendants assert the

23  Complaint "must be dismissed for insufficient service of process and failure to state a claim

24  upon which relief can be granted." (Doc. 9 at 1). The Court will focus on the service of

25  process.

26       "[E]ven as lawyers must, pro se litigants must become familiar, and comply, with

27  the Rules of Civil Procedure and the Local Rules of Practice for the District Court for the

28  District of Arizona." *Oliver v. Long*, No. CV-06-2429PCTLOA, 2007 WL 623783, at *1

(D. Ariz. Feb. 23, 2007) (citing *Carter v. Commissioner of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir.1986)); *King v. Atiyeh*, 814 F.2d 56, 567 (9th Cir.1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

On December 4, 2020, this Court issued a Preliminary Order directing Plaintiff to serve the summons and complaint on each defendant within ninety (90) days of the date of filing the complaint or to otherwise request an extension. (Doc. 6 at 1). Pursuant to this Order, Plaintiff was to serve each defendant by February 23, 2021. On February 16, 2021, Plaintiff served Defendant Alhambra Elementary School and Defendant Michael Riveria by providing a copy of the summons and complaint to Dana Lucero. (Docs. 7 & 8). Though Plaintiff's proof of service documents do not specify who Dana Lucero is, Defendants assert in their Motion that she is "an administrative assistant assigned to the District office." (Doc. 12 at 2).

Defendants argue "it is unclear who [Plaintiff] is attempting to sue" and that "Plaintiff has only completed service of process on Defendant Michael Rivera." (Doc. 9 at 3-4). However, as explained above, Plaintiff has attempted to serve both Michael Riveria and Alhambra School District. Further, in her initial Complaint she lists both Michael Riveria and Alhambra School District as defendants. (Doc. 1 at 2). Plaintiff also clarifies in her Response to Defendants' Motion to Dismiss that she is "attempting to sue Michael Rivera [sic] Defendant 1 and Alhambra School District Defendant 2." (Doc. 11 at 8). And Michael Riveria and Alhambra Elementary School are both listed as defendants on the record in this Court. The Court therefore finds that the defendants in this case are Michael Riveria and Alhambra School District.

Because he is an individual located within the United States, Plaintiff was required to serve Defendant Michael Riveria pursuant to Federal Rule of Civil Procedure 4(e). Under that rule, an individual may be served by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

    (A) delivering a copy of the summons and of the complaint to the individual personally;

    (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

    (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Arizona's rule for serving an individual mirrors the federal rule. *See* Ariz. R. Civ. P. 4(d). Here, Plaintiff has attempted to serve Michael Riveria by delivering a copy of the summons and complaint to Dana Lucero, an administrative assistant at Alhambra. Plaintiff did not serve Mr. Riveria personally or leave a copy of the summons and complaint at his dwelling, nor has she provided any documentation supporting that Dana Lucero is an agent authorized by appointment or by law to receive service on behalf of Mr. Riveria. Accordingly, Defendant Riveria has not been properly served.

    Further, because it is a local government entity, Plaintiff was required to serve Defendant Alhambra Elementary School District pursuant to Federal Rule of Civil Procedure 4(j). Under that rule, any state-created governmental organization may be served by:

    (A) delivering a copy of the summons and of the complaint to its chief executive officer; or

    (B) serving a copy of each in the manner prescribed by the state's law for serving a summons or like process on such a defendant.

Arizona's rule for serving government entities provides that the entity may be served by delivering a copy of the summons and complaint to:

    (A) the individual designated by the entity, as required by statute, to receive service of process; or

    (B) if the entity has not designated a person to receive service of process, then the entity's chief executive officer(s), or, alternatively, its official secretary, clerk,

or recording officer.

Ariz. R. Civ. P. 4(h)(4). Here, Dana Lucero is not Defendant Alhambra's chief executive officer, so service has not been executed properly pursuant to the federal rule. Further, as explained above, Plaintiff does not provide any information as to whether Dana Lucero has been designated as an agent of Defendant Alhambra to receive service on its behalf, nor has Plaintiff indicated that Lucero is an official secretary, clerk, or recording officer of Defendant Alhambra. Accordingly, Defendant Alhambra Elementary School District has not been properly served.

"Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant," and "in the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). However, in its discretion, this Court "may treat a motion to dismiss for insufficient service of process as a motion to quash service instead." *Dillard v. Red Canoe Fed. Credit Union*, No. C14-1782JLR, 2015 WL 1782083, at *3 (W.D. Wash. Apr. 17, 2015) (citing *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) ("The choice between dismissal and quashing service of process is in the district court's discretion.")). "Where it appears that effective service can be made and there is no unfair prejudice to the defendant, quashing service rather than dismissing the action, and leaving the plaintiff free to effect proper service, is the appropriate course." *Dillard*, 2015 WL 1782083, at *3.

Further, although Federal Rule 4(m) requires service within 90 days after the complaint is filed, it ""contemplates the possibility of an extension of time which, . . . is . . . left to the court's discretion. *See S.J.*, 470 F.3d at 1293; Fed. R. Civ. P. 4(m). The rule specifically provides that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Even absent good cause, however, the Court has broad discretion to extend the time for service. *Efaw v. Williams*, 473 F.3d 1038, 1040–41 (9th Cir. 2007). In exercising this discretion, the Court may

consider factors such as the length of delay in proper service, the statute of limitations, prejudice to the defendant, actual notice of the lawsuit, and eventual service. *Id.*

Here, Plaintiff is pro se. Her Complaint was filed on November 25, 2020, which was only 153 days ago. Furthermore, Plaintiff attempted service within the 90-day timeline, although the attempted service was insufficient. And Defendants are actually on notice of the lawsuit as they have jointly filed the instant Motion to Dismiss. This Court will therefore exercise its broad discretion to extend the time for Plaintiff to properly serve Defendants consistent with this Order.

Until Defendants are properly served, this Court does not have personal jurisdiction over them, and the Court therefore will not address the merits of Plaintiff's Complaint. *See, e.g.*, *Direct Mail Specialists, Inc. v. Eclat Computerized Techs.*, Inc., 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under  Fed. R. Civ. P. 4."); *Atkins v. Creighton Elementary Sch. Dist.*, No. CV 11-729-PHX-SRB, 2012 WL 12893446, at *4 (D. Ariz. June 26, 2012) ("The Court concludes that Plaintiff did not properly serve Defendant and therefore that the Court lacks personal jurisdiction over Defendant. Accordingly, the Court does not reach the other issues raised in Defendant's Motion."). Accordingly,

**IT IS ORDERED** that this Court, in its discretion, treats the portion of Defendants' Motion to Dismiss (Doc. 9) pursuant to Federal Rule of Civil Procedure 12(b)(5) as a motion to quash service of process, and the Court **grants** the request, and **denies** the Motion **without prejudice** in all other respects.

**IT IS FURTHER ORDERED** that Plaintiff must file proof of service of the summons and complaint or of waiver of service with the Clerk of Court no later than **May 28, 2021**.

///

///

///

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IT IS FURTHER OREDERD** that unless the Court orders otherwise, on **May 28, 2021** the Clerk of Court shall terminate without further notice any Defendant in this action that has not been served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Dated this 28th day of April, 2021.

Honorable Steven P. Logan
United States District Judge