**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kimberley Warmack, | No. CV-20-02298-PHX-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| Michael Riveria, et al., | |
| Defendants. | |

Before the Court is Defendant Michael Rivera's[1] Motion to Dismiss (Doc. 19), Defendant Alhambra Elementary School District's Motion to Dismiss (Doc. 23), and Plaintiff Kimberley Warmack's Motion for Extension of Time (Doc. 27). The Court's rulings are as follows.

**I.  BACKGROUND**[2]

Pro se Plaintiff Kimberley Warmack was hired as a teacher by Defendant Alhambra Elementary School District ("Alhambra ESD") on or around August 18, 2015. (Doc. 1 at 10). Ms. Warmack is African American and is physically disabled and uses a wheelchair. (Doc. 1 at 4–5). She alleges that Alhambra ESD failed to make adequate accommodations for her disability, resulting in her hand being "smashed in a manual gate by a student after

---

[1] There is some discrepancy as to the spelling of the individual Defendant's last name. Because the Defendant's own Motion uses "Rivera," so too will the Court.

[2] The parties' briefings refer extensively to facts that are not found in the Complaint. For the purposes of ruling on the instant Motions, the Court relies on facts from the Complaint alone. (Doc. 1).

a fire drill," which required surgery. (Doc. 1 at 5). The day Ms. Warmack returned to work following the injury, an administrator told her she "could not return to work using [her] manual wheelchair." (Doc. 1 at 5). The next day, on or around March 28, 2016, when she came to work using a powered wheelchair, she was told to go to the district office immediately. (Doc. 1 at 5, 10). There, she met with Defendant Michael Rivera, Alhambra ESD's Human Resources Director, who told her she was fired from her teaching position because he had not received her university transcripts. (Doc. 1 at 5). Ms. Warmack stated that she had provided them when she was hired in July 2015. (Doc. 1 at 5).

In March 2016, Ms. Warmack filed a charge with the Equal Employment Opportunity Commission ("EEOC"), and on September 1, 2020, the EEOC issued a Notice of Right to Sue letter. (Doc. 1 at 5). On November 25, 2020, Ms. Warmack filed the instant action, alleging employment discrimination claims under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990 ("ADA"), and workers' compensation laws. (Doc. 1 at 3). She alleges Defendants discriminated against her based on her race and disability by terminating her employment and failing to accommodate her disability. (Doc. 1 at 4). Ms. Warmack seeks compensatory and punitive damages "for wrongful termination of an at-will employment, unfair treatment and compensation after a workplace injury." (Doc. 1 at 6).

On December 4, 2020, the Court ordered that service be completed by February 23, 2021. (Doc. 6 at 5). Ms. Warmack attempted service on both Defendants prior to that date by providing a copy of the summons and complaint to an administrative assistant for Alhambra ESD. (Doc. 13 at 2). Ruling on Defendants' subsequent motion to dismiss, the Court found that service was deficient, quashed service, and ordered that service be properly completed by May 28, 2021. (Doc. 13 at 5). On May 27, 2021, Ms. Warmack filed what the Court construed as a Motion for Alternative Service. (Doc. 14). The Court denied the Motion and ordered that service be completed by July 9, 2021. (Doc. 15 at 3). On July 1, 2021, Ms. Warmack filed a Motion for Extension of Time to complete service. (Doc. 16). The Court granted the Motion and ordered that service be completed by August

9, 2021. (Doc. 18). On August 9, 2021, Ms. Warmack filed purported Proof of Service as to both Defendants. (Docs. 21, 22). Mr. Rivera was personally served at his home. (Doc. 22). Alhambra ESD was purportedly served through delivery of the summons and complaint to Scott Heusman, Executive Director of Business Services at Alhambra ESD. (Doc. 21).

On July 29, 2021, Mr. Rivera filed his Motion to Dismiss. (Doc. 19). On August 31, 2021, Alhambra ESD filed its Motion to Dismiss. (Doc. 23). On September 29, 2021, Ms. Warmack filed a "Notice . . . requesting a continuance," which the Court construes as a Motion for Extension of Time. (Doc. 27). The Court now addresses each Motion.

## II.    DISCUSSION

### a. Ms. Warmack's Motion for Extension of Time

Ms. Warmack's Motion for Extension of Time requests that the Court "postpone any ruling until [she] ha[s] an attorney." (Doc. 27 at 2). But Defendants' Motions to Dismiss are ripe for review, and Ms. Warmack provides no information to suggest that her retention of counsel is imminent. Thus, the Court will not allow re-briefing and further delay proceedings in an action that was filed 11 months ago and has since languished in its initial stages. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (stating that there is a "power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

### b. Alhambra ESD's Motion to Dismiss

Alhambra ESD moves to dismiss the Complaint for insufficient service of process under Fed. R. Civ. P. ("Rule") 12(b)(5) and for failure to state a claim under Rule 12(b)(6).[3] (Doc 23). On a Rule 12(b)(5) motion, the plaintiff bears the burden to prove that service was properly effectuated under Rule 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir.

---

[3] Because the Court finds that Alhambra ESD has not been properly served, the Court lacks jurisdiction over it and will therefore not address the merits of the Complaint as raised under Rule 12(b)(6). *See Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4.").

3

2004). Rule 4(j) sets forth the requirements for serving a local government entity such as Alhambra ESD. Under that rule, any state-created governmental organization may be served by:

> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
>
> (B) serving a copy of each in the manner prescribed by the state's law for serving a summons or like process on such a defendant.

Arizona's rule for serving government entities provides that the entity may be served by delivering a copy of the summons and complaint to:

> (A) the individual designated by the entity, as required by statute, to receive service of process; or
>
> (B) if the entity has not designated a person to receive service of process, then the entity's chief executive officer(s), or, alternatively, its official secretary, clerk, or recording officer.

Ariz. R. Civ. P. 4(h)(4). Here, Scott Heusman is not Alhambra ESD's chief executive officer, so service has not been executed properly pursuant to the federal rule. Further, Plaintiff provides no information as to whether Mr. Heusman has been designated by Alhambra ESD to receive service on its behalf, nor has Plaintiff indicated that Mr. Heusman is an official secretary, clerk, or recording officer of Alhambra ESD. Accordingly, Plaintiff has not shown that Alhambra ESD was properly served.

When service is insufficient and the time for service has expired, Rule 4(m) requires that "upon a showing of good cause for the defective service, the court must extend the time period." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). But "if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period." *Id.* Courts must determine whether good cause exists on a case-by-case basis. *Id.* "At a minimum, 'good cause' means excusable neglect." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991).

Here, the Court finds no good cause for Ms. Warmack's failure to properly serve

Alhambra ESD and exercises its discretion in favor of dismissal. As the Court has repeatedly advised in this case, "[E]ven as lawyers must, pro se litigants must become familiar, and comply, with the Rules of Civil Procedure and the Local Rules of Practice for the District Court for the District of Arizona." *Oliver v. Long*, No. CV-06-2429-PCT-LOA, 2007 WL 623783, at *1 (D. Ariz. Feb. 23, 2007) (citing *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986)); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Even so, when the Court first quashed service and extended the service deadline, the Court apprised Ms. Warmack in detail of the service requirements under federal and Arizona rules. (Docs. 13 at 3–4). Moreover, a filing by Defendants on April 5, 2021 specifically stated that "[a]s a public school district, Alhambra Elementary School District may only be served via service of process on all members of its Governing Board." (Doc. 12 at 2). And in her motion for a third extension of the service deadline, which was filed July 1, 2021, Ms. Warmack stated, "I realize that I will have to process serve each member of the board both current and the board members who were on the board when I was employed with the district." (Doc. 16 at 2). Whether or not this is a correct statement of the law, it demonstrates that more than a month before the most recent service deadline, Ms. Warmack understood that service on one individual from within Alhambra ESD's administration was insufficient. Nevertheless, she attempted service only through Mr. Heusman. These circumstances simply cannot be characterized as "excusable neglect."

After 11 months and three extensions of the service deadline—the first of which was accompanied by a detailed explanation of the service requirements—the Court finds no excuse for Ms. Warmack's failure to serve Alhambra ESD. *See Boudette*, 923 F.2d at 757–58 (finding pro se plaintiff did not show excusable neglect and district court did not abuse its discretion in dismissing an action when plaintiff had previously made a similar service error and been apprised by the court of how to effectuate proper service); *Jones v. Auto. Club of S. Cal.*, 26 Fed. Appx. 740, 742 (9th Cir. 2002) (finding district court did not abuse its discretion in granting plaintiff only a seven-day extension and then dismissing

the case for insufficient service when plaintiff "had twice failed to complete service without good cause" prior to the extension and had "been made fully aware of the law" regarding service requirements). The Court will thus grant Alhambra ESD's Motion to Dismiss without prejudice.

### c. Mr. Rivera's Motion to Dismiss

Mr. Rivera moves to dismiss for failure to state a claim under Rule 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it contains "factual content that allows the court to draw the reasonable inference" that the moving party is liable. *Id.* Factual allegations in the complaint should be assumed true, and a court should then "determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Facts should be viewed "in the light most favorable to the non-moving party." *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013). A pro se complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

Mr. Rivera argues that he is not a proper defendant for any of Ms. Warmack's claims because he is an individual and was not Ms. Warmack's employer. (Doc. 19). Plaintiff alleges three bases for her claims: Title VII, the ADA, and workers' compensation laws.[4]

---

[4] Specifically, Ms. Warmack states the following as the third basis for her claim: "Retaliation from on the job injury if an employee is provided work restriction by his physician and employer is unable to accommodate t[h]ose restriction[s] TTD benefits are owed." (Doc. 1 at 3). To the extent she is alleging retaliation for seeking accommodations, that claim falls under the ADA. *See* 42 U.S.C. § 12112. Otherwise, the Court understands "TTD" benefits to refer to "temporary total disability" benefits, which are a form of workers' compensation.

Additionally, in Ms. Warmack's Response to Mr. Rivera's Motion to Dismiss, she raises a breach of contract claim. (Doc. 25 at 2). But the Court may not consider claims made for the first time in the briefing of a motion to dismiss. *Conservation Force v. Salazar*, 677 F. Supp. 2d 1203, 1211 (N.D. Cal. 2009). And even if it did, Ms. Warmack states that her contract was with Alhambra ESD to "which Michael Rivera would have directly been a responsible party." (Doc. 25 at 2). Viewing these facts in the light most favorable to Ms.

(Doc. 1 at 3). There is no individual liability under Title VII, including for supervisory personnel or other agents of the employer. *See Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583, 587 (9th Cir. 1993). The same is true under the ADA. *See Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1038 (9th Cir. 2006). Thus, Ms. Warmack has no plausible claims against Mr. Rivera under those statutes.

As to Ms. Warmack's workers' compensation claims, the Court finds that it lacks subject matter jurisdiction.[5] In Arizona, the right to recover compensation pursuant to the Arizona Workers' Compensation Act is the exclusive remedy for an employee's work-related injuries, subject to two narrow exceptions. *See* A.R.S. § 23-1022; *Steinaker v. Sw. Airlines, Co.*, 472 F. Supp. 3d 540, 548–49 (D. Ariz. 2020). Those exceptions apply when an employee submits a written rejection of coverage to her employer prior to the injury, *see* A.R.S. § 23-906, or when the injury is caused by the employer's willful misconduct, which is defined as "an act done knowingly and purposely with the direct object of injuring another." A.R.S. § 23-1022(B). Proving willful misconduct is a "daunting task," as even grossly negligent acts "must be accompanied by the employer's intent to inflict injury upon the employee" in order to meet the standard. *Steinaker*, 472 F. Supp. 3d at 549. When these exceptions do not apply and workers' compensation is the employee's only remedy, the courts lack subject matter jurisdiction over work-related injury cases. *See Bonner v. Minico, Inc.*, 766 P.2d 598, 601 (Ariz. 1988); *Steinaker*, 472 F. Supp. 3d at 548–49.

Here, as to the first exception, Plaintiff has not alleged that she rejected workers' compensation coverage prior to her injury. As to the second exception, she alleges that her injury was caused by a student smashing her hand in a gate after a fire drill, which cannot plausibly be construed as willful misconduct by her employer. Even if Alhambra ESD—to

---

Warmack, Mr. Rivera was at most an agent executing the contract on behalf of Alhambra ESD. Even then, he could not be held personally liable for breach of contract. *See Ferrarell v. Robinson*, 465 P.2d 610, 612 (Ariz. Ct. App. 1970).

[5] Though Mr. Rivera does not specifically assert Rule 12(b)(1) as grounds for his Motion to Dismiss, he does argue that the Court lacks jurisdiction. (Doc. 19 at 3). Regardless, "it is well established that a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action." *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 673 (9th Cir. 2012) (internal quotation marks omitted).

say nothing of Mr. Rivera—negligently or wantonly failed to alter the gate to accommodate Ms. Warmack's disability, Ms. Warmack does not allege, nor can the Court plausibly infer, that they did so with the intent of injuring her. *See Gamez v. Brush Wellman, Inc.*, 34 P.3d 375, 378 (Ariz. Ct. App. 2001) ("Even if the alleged conduct . . . includes such elements as knowingly permitting a hazardous work condition to exist . . . [or] wilfully failing to furnish a safe place to work . . . the conduct still falls short of the kind of actual intention to injure that robs the injury of accidental character." (internal quotation marks omitted)). Because neither exception applies, workers' compensation is Ms. Warmack's only remedy for her injury. In other words, the Court lacks subject matter jurisdiction to award compensatory damages for the injury.

"A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (internal quotation marks omitted). In this instance, the deficiencies in Ms. Warmack's claims against Mr. Rivera cannot possibly be cured. Mr. Rivera is not subject to individual liability under Title VII or the ADA. Likewise, this Court does not have subject matter jurisdiction over Arizona workers' compensation claims. Further, the Court is not aware of any other controlling law under which a Human Resources Director could be held personally liable for employment discrimination. The Court will therefore dismiss Ms. Warmack's Complaint as to Mr. Rivera without leave to amend.

### III.     CONCLUSION

Despite having been apprised of the service rules on multiple occasions and given three extensions, after 11 months, Ms. Warmack has failed to effectuate proper service on Alhambra ESD. And though she has properly served Mr. Rivera, her Complaint fails to state a claim against him. Accordingly,

///

///

///

**IT IS ORDERED** that:

1. Defendant Michael Rivera's Motion to Dismiss (Doc. 19) is **granted with prejudice** as to Plaintiff's federal claims and **without prejudice** as to Plaintiff's state claims;
2. Defendant Alhambra Elementary School District's Motion to Dismiss (Doc. 23) is **granted without prejudice**;
3. Plaintiff's Motion for Extension of Time (Doc. 27) is **denied**; and
4. The Clerk of Court is directed to enter judgment accordingly and **terminate this action**.

Dated this 29th day of October, 2021.

Honorable Steven P. Logan
United States District Judge